# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN GUTHRIE,<br><br>           Petitioner,<br><br>v.<br><br>M.E. SPEARMAN, Warden,<br><br>           Respondent. | Case No.: 3:19-cv-1452-WQH-AHG<br><br>**ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL**<br><br>**[ECF No. 18]** |

Before the Court is Petitioner Ian Guthrie's ("Petitioner") Motion to Appoint Counsel. ECF No. 18. For the reasons that follow, the Motion is **DENIED**.

## I.   BACKGROUND

Petitioner, proceeding *pro se,* submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 along with a request to proceed in forma pauperis on August 1, 2019. ECF Nos. 1, 2. The Court granted the IFP motion on August 9, 2019. ECF No. 3. Following several amendments to the briefing schedule due to service issues, Respondent filed an Answer and lodged the state court record on March 19, 2020. ECF Nos 13, 14. On April 13, 2020, the Court granted Petitioner an extension of time until October 2, 2020 to file a traverse in light of Petitioner's assertion that he would not have access to the law library at the facility where he is incarcerated until August 2020 due to the COVID-19 public health crisis and related restrictions of inmates' movement. *See* ECF No. 16.

On May 5, 2020, Petitioner filed the Motion to Appoint Counsel presently before the Court. ECF No. 18. Petitioner requests that the Court appoint him counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B), a provision of the Criminal Justice Act ("CJA") allowing the Court to appoint counsel for any financially eligible person seeking relief under 28 U.S.C. § 2254 upon a determination that "the interests of justice so require[.]" In support, Petitioner explains the factors applicable to the Court's consideration of whether to appoint counsel, including the likelihood of success on the merits, and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See* ECF No. 18 at 1. Additionally, Petitioner notes that he must establish that denial of counsel is likely to result in fundamental unfairness impinging on his due process rights, and Petitioner argues that he has met that standard here due to his likely inability to present the facts and legal issues to the Court "in a complex, but arguably meritorious, case[.]" *Id.* at 1-2. Finally, Petitioner argues that counsel "is generally appointed for petitioners" where "legal or factual issues are complex, and the capabilities of Petitioner are limited[.]" *Id.* at 2 (citing *United States v. Barnes*, 662 F.2d 777, 780 (D.C. Cir. 1980)).

## II.  DISCUSSION

### A.  Legal Standard

There is no constitutional right to appointment of counsel in federal habeas proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). *See also Miranda v. Castro*, 292 F.3d 1063, 1068 (9th Cir. 2002) (quoting *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993) for the proposition that "there is no constitutional right to counsel on federal habeas") (alteration omitted).

Nevertheless, financially eligible habeas petitioners may obtain counsel whenever the court "determines that the interests of justice so require.'" 18 U.S.C. § 3006A(a)(2)(B); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990). Courts have found that the interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. *Id.* at 1177; *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, when no evidentiary hearing is necessary,

appointment of counsel is discretionary. *Id.* In the Ninth Circuit, indigent prisoners applying for habeas relief are not entitled to appointed counsel "unless the circumstances of a particular case show that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196; *Knaubert*, 791 F.2d at 728-29.

Section 3006A(a)(2)(B) of the CJA is not the only source of authority for appointment of counsel to an indigent petitioner in a habeas proceeding. Where, as here, a petitioner has been granted leave to proceed *in forma pauperis*, courts also have discretion under 28 U.S.C. § 1915(e)(1) to provide legal representation to "any person unable to afford counsel." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). *See also McDonald v. Waddington*, No. C07-0135-JCC-BAT, 2009 WL 302279, at *2 (W.D. Wash. Feb. 6, 2009) ("A court has the discretion to appoint counsel [in a federal habeas proceeding], 18 U.S.C. § 3006A(a) (2)(B); 28 U.S.C. § 1915(e)(1), depending on the prisoner's ability to articulate his claim in light of the complexity of the legal issues and the likelihood of success on the petition's merits") (citing *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

To qualify for appointment of counsel under § 1915(e)(1), courts have required that plaintiffs demonstrate they are indigent and that they have made a reasonably diligent effort to secure counsel on their own. *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (extending the "reasonably diligent effort" standard used in *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1319 (9th Cir. 1981) to requests made pursuant to 28 U.S.C. § 1915); *see, e.g.*, *Verble v. United States*, No. 07cv0472 BEN (BLM), 2008 WL 2156327, at *2 (S.D. Cal. May 22, 2008). But even after a plaintiff satisfies the two initial requirements of indigence and a diligent attempt to obtain counsel, "he is entitled to appointment of counsel only if he can [also] show exceptional circumstances." *Bailey*, 835 F. Supp. at 552 (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)).

As Petitioner correctly notes in his motion, the Court's determination of whether such "exceptional circumstances" exist entails "an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light

of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017 (quoting *Wilborn*, 789 F.2d at 1331); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). These same considerations should guide the Court's discretion in deciding whether to appoint counsel in a habeas proceeding generally. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

### B. Discussion

Although Petitioner has made a showing of indigence, *see* ECF Nos. 2, 3, he has made no showing that he has attempted to secure counsel on his own. *See generally* ECF No. 18. Therefore, Petitioner does not qualify for appointment of counsel under 28 U.S.C. § 1915(e)(1).

The Court also finds that the circumstances of the case do not indicate that appointed counsel is necessary to prevent due process violations, or that the interests of justice otherwise require appointment of counsel. *See Chaney*, 801 F.2d at 1196; 18 U.S.C. § 3006A(a)(2)(B). In support of the motion, Petitioner argues that his education is minimal, and he has a language barrier that places him at a disadvantage. ECF No. 18 at 3. Petitioner further notes that he "ha[s] difficulties processing normal issues, much less the intricate complexities of the American legal system." *Id.*

However, Petitioner has ably represented himself thus far, providing a thorough and clear statement of each ground for relief in his petition, and the present motion shows that Petitioner is able to write very well in English and to perform legal research. *See* ECF Nos. 1, 18. No language barrier is apparent from Petitioner's clear writing. Plaintiff has also shown a good grasp of litigation procedure thus far, seeking a stay in light of his pending transfer to another facility, timely filing a notice of change of address, and timely seeking an extension to file his traverse when the deadline was approaching and Petitioner lost access to the law library due to COVID-19. *See* ECF Nos. 6, 9, 15. Such circumstances do not indicate to the Court that appointment of counsel is necessary to avoid due process violations. *See Dunsmore v. Paramo*, No. 13cv1193-GPC-PCL, 2013 WL 5738774 (S.D.

Cal. Oct. 22, 2013) (denying appointment of counsel to a *pro se* litigant who had a "good grasp of the basis of his claims, and [was] able to articulate them in light of the relative complexity of the legal issues involved").

The Court recognizes the difficulties inherent in proceeding *pro se*, especially while incarcerated. However, difficulty understanding the complexities of the legal system is a circumstance common to most incarcerated plaintiffs. *See, e.g.*, *Galvan v. Fox*, No. 2:15-CV-01798-KJM (DB), 2017 WL 1353754, at *8 (E.D. Cal. Apr. 12, 2017) ("Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel"). It is for this reason that in the absence of counsel, federal courts employ procedures that are highly protective of a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that the pleadings of a *pro se* inmate must be held to less stringent standards than formal pleadings drafted by lawyers). Thus, as long as a *pro se* litigant is able to articulate his grounds for relief, as Plaintiff has done here, the second "exceptional circumstances" factor that might support the appointment of counsel is not met. And, although the current COVID-19 public health crisis has limited Petitioner's access to the law library until August 2020, the Court has already granted Petitioner a substantial extension of nearly six months to file his traverse in order to address that admittedly exceptional circumstance. *See* ECF Nos. 15, 16.

Additionally, Petitioner's asserted grounds for relief in his petition include that his Fifth and Sixth Amendment rights were violated after he invoked his right to counsel during a police interview, the evidence of aiding and abetting in the state court case was so insufficient as to deprive Petitioner of due process, the admission of evidence of other crimes violated his due process rights, the trial court erred by admitting irrelevant and unduly prejudicial evidence, the trial court erred in denying Petitioner's motion to continue the sentencing to investigate a possible Fourth Amendment violation, and the cumulative effect of these errors denied Petitioner of his right to a fair trial. ECF No. 1. The Court finds these claims are not factually or legally complex. *See Hoggard v. Purkett*, 29 F.3d

469, 471 (8th Cir. 1994) (the court should "consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims" in determining whether to appoint counsel in a habeas proceeding). Nor does Plaintiff's motion sufficiently establish a likelihood of success on the merits of his petition. *See Weygandt*, 718 F.2d at 954 (explaining that the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved are considerations "inextricably enmeshed" with the underlying claim).

Therefore, in its discretion, the Court finds that the interests of justice do not require appointment of counsel in this case. For the same reasons, even if Petitioner had established that he had made a reasonably diligent effort to secure counsel, he would not qualify for appointment of counsel under 28 U.S.C. § 1915(e)(1). However, once the Court has received Petitioner's traverse, it will determine whether to set an evidentiary hearing in this case. If the Court sets an evidentiary hearing, Petitioner will be entitled to appointment of counsel at that stage. *Terrovona*, 912 F.2d at 1177.

### III.   CONCLUSION

For the foregoing reasons, Petitioner's Motion to Appoint Counsel (ECF No. 18) is **DENIED.**

**IT IS SO ORDERED.**

Dated:  June 15, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge