UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN GUTHRIE,<br><br>                                    Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON,<br>Secretary of the California<br>Department of Corrections and<br>Rehabilitation,<br><br>                                    Respondent. | Case No.:  3:19-cv-1452-WQH-AHG<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the Report and Recommendation issued by Magistrate Judge Allison H. Goddard (ECF No. 30) and the Reply ("Objection") filed by Petitioner Ian Guthrie (ECF No. 33).

## I.     BACKGROUND

On May 19, 2016, a jury found Petitioner guilty of first-degree murder on a theory of either aiding and abetting or conspiracy in San Diego Superior Court.[1] (ECF No. 1 at 1;

---

[1] Petitioner was jointly tried for first-degree murder along with Dion Chambers, a/k/a Peter Johnson, on a theory that Petitioner either aided and abetted or conspired with Chambers to commit murder. (*See* Lodg.

Lodgment ("Lodg.") 14-45 at 42.) On August 12, 2016, Petitioner was sentenced to a term of 50 years to life plus an additional five years due to a serious prior felony enhancement. (Lodg. 14-45 at 14.)

Petitioner appealed his conviction to the California Court of Appeal. (ECF No. 14-37.) On February 5, 2019, the Court of Appeal affirmed Petitioner's conviction.[2] (ECF No. 14-45.) On April 10, 2019, the Supreme Court of California summarily denied the petition for review. (ECF No. 14-47.) Petitioner did not seek collateral relief in the state courts.

On August 1, 2019, Petitioner, proceeding pro se, initiated this action by filing a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner challenges his first-degree murder conviction on five grounds: (1) Petitioner's statements to the police were erroneously admitted in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966); (2) the case against Petitioner was insufficient as a matter of due process; (3) the trial court erred in admitting the uncharged offenses of identity fraud and illegal immigration due to the risk of unfair prejudice; (4) the trial court erred in admitting irrelevant and unfairly prejudicial rap lyrics; and (5) the cumulative effect of the errors denied Petitioner due process. (*See* ECF No. 1 at 6–9.)

On March 19, 2020, Respondent filed an Answer. (ECF No. 13.)

On June 11, 2021, Petitioner filed a Traverse. (ECF No. 26.)

On June 22, 2023, Judge Goddard issued a Report and Recommendation, recommending that the Court deny the Petition. (ECF No. 30.) In the Report and

---

14-45 at 3, 42.) On Petitioner's verdict form, the jury was not required to specify whether it reached a guilty verdict based on the theory that Petitioner aided and abetted the murder or was a conspirator to the murder, or both. *See id.* at 42. Chambers was convicted of first-degree murder and sentenced to 50 years to life plus a consecutive life term after the jury found that Chambers intentionally and personally discharged a firearm during the commission of the murder, causing death. *Id.* at 14.

[2] The California Court of Appeal affirmed Petitioner's conviction in its entirety but ordered the matter be remanded to the Superior Court for the limited purpose of considering whether Petitioner's serious prior felony enhancement should be stricken. (Lodg. 14-45 at 61.) On August 16, 2019, the Superior Court denied Petitioner's motion to strike his prior conviction. (Lodg. 14-48.)

Recommendation, Judge Goddard first addressed Petitioner's contention that the trial court erred in denying his motion to suppress statements obtained in violation of his *Miranda* rights. *See id.* at 9–19. Judge Goddard concluded, *inter alia*, that "the state court did not unreasonably apply the principles of *Miranda* and its progeny in finding that Petitioner did not unambiguously invoke his right to counsel during questioning by police." *Id.* at 14. Second, with respect to Petitioner's sufficiency of the evidence ground, Judge Goddard concluded that there was no due process violation since a "rational trier of fact could have found the elements of either aiding and abetting murder or conspiracy to commit murder to have been met beyond a reasonable doubt." *Id.* at 24. As to Petitioner's third and fourth grounds for relief, Judge Goddard also concluded they were without merit. She found that Petitioner failed to show that admission of the illegal entry documents and rap lyrics "was erroneous or that it was prejudicial to his case," *id.* at 36, or that "there was clearly established federal law showing that admission of such evidence rendered the trial fundamentally unfair in violation of due process." *Id.* at 37 (quotations omitted) (citation omitted). Finally, Judge Goddard recommended that the Court reject Petitioner's claim of cumulative prejudice, since "Petitioner has failed to establish any constitutional violation in the first instance." *Id.* at 38.

On August 14, 2023, Petitioner filed an Objection to the Report and Recommendation. (ECF No. 33.) In the Objection, Petitioner reiterated his contention that the conviction was based on insufficient evidence. *See id.* at 1–2, 4–5. Petitioner also raised an additional, unexhausted claim regarding instructional error. *See id.* at 3.

## II.   LEGAL STANDARD

The duties of the district court in connection with a report and recommendation issued by a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report … to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review those portions of a report and recommendation to which

neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

## III. DISCUSSION

In the Report and Recommendation, Judge Goddard correctly found that the Petition is governed by the deferential standard of the Antiterrorism and Effective Death Penalty Act of 1996. (ECF No. 30 at 10.) Under this standard, a "petition cannot be granted unless the state court decision is 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1127 (9th Cir. 2006) (*overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010)) (quoting 28 U.S.C. § 2254(d)).

Where there is no "reasoned decision" from the state's highest court, the Court "looks through" to the last reasoned state court decision and presumes it provides the basis for the higher court's denial of a claim or claims. *Ylst v. Nunnemaker*, 501 U.S. 797, 805–06 (1991). If the dispositive state court order does not "furnish a basis for its reasoning," federal habeas courts must conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000) (*overruled on other grounds by Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).

The Court has reviewed the Petition, the record, and the submissions of the parties. The Court has also reviewed the Report and Recommendation, and has conducted a de novo review of those portions of the Report and Recommendation to which Petitioner has objected.

/ / /

/ / /

### A. Sufficiency of the Evidence

In ground two of his Petition, Petitioner contends that the evidence presented by the prosecution was constitutionally insufficient. (ECF No. 1 at 7.) Specifically, Petitioner contends that the case against him rested "almost entirely" on speculative and circumstantial evidence. *Id.* In support of his argument, Petitioner notes that "not one law enforcement officer could testify that Petitioner did any of the things the state claimed." *Id.*

In the Report and Recommendation, Judge Goddard concluded that the state court's denial of Petitioner's sufficiency of the evidence claim was not contrary to, nor an unreasonable application, of federal law. (ECF No. 30 at 33.) Judge Goddard first stated that, contrary to Petitioner's contentions, reliance on circumstantial evidence "does not render the guilty verdict constitutionally unsound." *Id.* at 25. Additionally, Judge Goddard summarized ample evidence supporting the jury's verdict, including video footage from the vicinity of the murder scene showing a man resembling Petitioner opening the trunk of a car so that his co-conspirator could retrieve what appeared to be the murder weapon; cell phone communications between Petitioner and other co-conspirators in the moments before and after the murder; cell phone records placing Petitioner near the scene of the murder; fake identification documents showing a link between Petitioner and co-conspirators; and Petitioner's own admission that he was in the vicinity of the murder scene and in contact with the gunman on the day of the murder. *See id.* at 25–32.

In his Objection, the Petitioner contends that the prosecution failed to meet its burden of proof. (ECF No. 33 at 1–2, 4–5.) Petitioner contends that the cell phone records failed to prove "what was being said on the phone call." *Id.* at 2. Petitioner further contends that the probative value of the video footage is weak because, during the investigation, police misidentified him as a different man in the video "for a whole year." *Id.* at 1. Petitioner notes that a detective who watched the video footage "over and over was not able to put Petitioner as the person" near the scene of the murder. *Id.* Finally, Petitioner highlights certain statements made to the police that indicate Petitioner was not involved in the

murder, including a statement from the gunman who claimed "[he] [had] no accomplice." *Id.* at 2.

"A petitioner for a federal writ of habeas corpus faces a heavy burden when challenging the sufficiency of the evidence used to obtain a state conviction on federal due process grounds." *Juan H. v. Allen*, 408 F.3d 1262, 1274 (9th Cir. 2005). A conviction is supported by sufficient evidence if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (citation omitted). Here, the video footage, cell phone records, and evidence of Petitioner's relationship with the co-conspirators provide sufficient basis for a rational jury to find guilt. While Petitioner contends that the video footage and cell tower records are not a reliable basis for his conviction, and that statements made to the police reflect his innocence, it is not the role of this Court to second-guess decisions made by the jury in weighing the evidence. *See id.*; *see also Cavazos v. Smith*, 565 U.S. 1, 2 (2011) ("*Jackson v. Virgnia* makes clear that it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial."). At this stage, the Court "must view the record in the light most favorable to the prosecution and presume that the jury resolved any evidentiary conflicts in its favor." *Kyzar v. Ryan*, 780 F.3d 940, 943 (9th Cir. 2015) (citing *Jackson*, 443 U.S. at 326).

As to Petitioner's contention that a guilty verdict cannot rest on circumstantial evidence, "circumstantial evidence alone can be sufficient to demonstrate a defendant's guilt." *United States v. Cordova Barajas*, 360 F.3d 1037, 1041 (9th Cir. 2004). Accordingly, even if the case against Petitioner rested entirely on circumstantial evidence, the conviction would still be constitutionally sound.

After de novo review, the Court finds Judge Goddard correctly concluded that the California Court of Appeal's decision with respect to the sufficiency of the evidence was not contrary to, nor an unreasonable application of, clearly established federal law.

/ / /

/ / /

**B. Instructional Error**

In Petitioner's Objection, Petitioner raises a new, unexhausted claim contending that the trial court erred in giving a prejudicial jury instruction. (ECF No. 33 at 3.) Petitioner contends that by inserting his name into California Criminal Jury Instruction ("CALCRIM") No. 416,[3] California's model jury instruction on evidence of uncharged conspiracy, the Court "influence[d] the Jury to believe Petitioner was a conspirator in the murder." (ECF No. 33 at 3.)

**1. Exhaustion**

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. *See* 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) ("[A] state prisoner must normally exhaust

---

[3] The relevant part of CALCRIM No. 416 states:

> The People have presented evidence of a conspiracy. A member of a conspiracy is criminally responsible for the acts or statements of any other member of the conspiracy done to help accomplish the goal of the conspiracy.
>
> To prove that (the/a) defendant was a member of a conspiracy in this case, the People must prove that:
>
> 1. The defendant intended to agree and did agree with [one or more of] (the other defendant[s]/ [or] <*insert name[s] or description[s] of coparticipant[s]>*) to commit <*insert alleged crime[s]>*;
>
> 2. At the time of the agreement, the defendant and [one or more of] the other alleged member[s] of the conspiracy intended that one or more of them would commit <*insert alleged crime[s]>*;
>
> 3. (The/One of the) defendant[s][,] [or <*insert name[s] or description[s] of coparticipant[s]>*][,] [or (both/all) of them] committed [at least one of] the following overt act[s] to accomplish <*insert alleged crime[s]>*: <*insert the alleged overt acts>*;
>
> AND
>
> 4. [At least one of these/This] overt act[s] was committed in California.

7

available state judicial remedies before a federal court will entertain his petition for habeas corpus."). "A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it," which in this case is the California Supreme Court, "or (2) he demonstrates that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted). "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).

Here, Petitioner failed to raise the jury instruction claim in the California state courts, and thus did not present the California Supreme Court with a fair opportunity to rule on the merits of the claim. Petitioner has also failed to demonstrate that there is no available state remedy. Therefore, the claim appears to be unexhausted.

When a petition contains both exhausted and unexhausted claims, a petitioner may file a motion to stay the proceeding while he returns to state court to exhaust unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 275–76 (2005). However, this "stay and abeyance" procedure is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. "[E]ven if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.* The Court finds that the "stay and abeyance" procedure is not available as to Petitioner's instructional error argument because Petitioner has failed to show there was "good cause for that failure [to exhaust]" and this unexhausted claim is "plainly meritless," as discussed below. *Id.*

## 2. Merits

Petitioner contends that the trial court's adaptation of CALCRIM No. 416 negated the presumption of innocence because it included his name (Ian Guthrie) within one of the elements of conspiracy, thereby "influencing the jury to believe Petitioner is … [a] conspirator in the murder." (ECF No. 33 at 3.) The adapted instruction stated: "To prove that defendant was a member of a conspiracy in this case, the People must prove that: …

3. Dion Chambers, Ian Guthrie, and other unknown co-conspirators committed at least one of the following overt acts to accomplish the murder[.]" (Lodg. 14-8 at 5.) The jury instruction then went on to list the overt acts necessary to establish conspiracy. *See id.* at 5–6.

A challenge to a jury instruction solely as an error under state law does not state a claim cognizable in federal habeas corpus proceedings. *See Estelle v. McGuire*, 502 U.S. 62, 71–72 (1991). To obtain federal collateral relief for errors in the jury charge, the petitioner must show that the "ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten*, 414 U.S. 141, 147 (1973). An instructional error will give rise to a due process violation where the jury instruction fails to "give effect to the prosecutor's burden of proving every element of the crime charged beyond a reasonable doubt." *Townsend v. Knowles*, 562 F.3d 1200, 1209 (9th Cir. 2009) (citing *Middleton v. McNeil*, 541 U.S. 422, 437 (2004)). When determining whether a jury instruction lowers the burden of proof, "[a] single jury instruction … may not be judged in artificial isolation, but must be viewed in the context of the overall charge." *Cupp*, 414 U.S. at 146–47.

Here, the disputed jury instruction does not alter the presumption of innocence, as Petitioner claims. Although the trial court's adaptation of CALCRIM No. 416 refers to Petitioner by name—which is consistent with the directions in the model instruction—it states that the prosecution "must prove" that Petitioner (or a co-conspirator) committed an overt act necessary to establish conspiracy. (Lodg. 14-8 at 5.) The jury was further instructed, in the trial court's adaptation of CALCRIM No. 220, that a "defendant in a criminal case is presumed to be innocent" and this "presumption requires that the People prove a defendant guilty beyond a reasonable doubt." (Lodg. 14-7 at 56.) When read together, the instructions permitted the jury to find Petitioner guilty of conspiracy to commit first-degree murder only if the prosecution proved all of the elements of conspiracy beyond a reasonable doubt. The prosecution was thus not relieved of its burden of proof or

9

the presumption of innocence, and Petitioner's claim is "plainly meritless." *Rhines*, 544 U.S. at 277.

Accordingly, the Court overrules Petitioner's objections with respect to sufficiency of the evidence and instructional error. After conducting a review of the Report and Recommendation, the Court finds it correct and adopts the Report and Recommendation in its entirety. The Petition is denied.

## IV.   CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C.A. foll. § 2254. "A certificate of appealability should issue if 'reasonable jurists could debate whether' (1) the district court's assessment of the claim was debatable or wrong; or (2) the issue presented is 'adequate to deserve encouragement to proceed further.'" *Shoemaker v. Taylor*, 730 F.3d 778, 790 (9th Cir. 2013) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The Court concludes a certificate of appealability should issue in this instance as to ground one because reasonable jurists could find debatable the correctness of the Court's ruling concerning whether Petitioner's statements to the police were erroneously admitted in violation of his *Miranda* rights. *See Slack*, 529 U.S. at 484. The Court finds that issuing a certificate of appealability is not appropriate as to the remainder of the issues presented as reasonable jurists would not find debatable or incorrect the Court's conclusions that habeas relief is not warranted on grounds two through five and these claims do not deserve encouragement to proceed further.

## V.   CONCLUSION

IT IS HEREBY ORDERED the Report and Recommendation (ECF No. 33) is adopted in full.

IT IS FURTHER ORDERED that Petitioner's Objection (ECF No. 30) is overruled.

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is denied. A Certificate of Appealability is granted as to ground one and is otherwise denied. The Clerk of the Court shall enter judgment accordingly.

Dated:  September 29, 2023

Hon. William Q. Hayes
United States District Court

3:19-cv-1452-WQH-AHG